# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. SANDOVAL,

      Plaintiff,

v.                                                        No. CIV 02-170 MV/LFG

JAMES LOPEZ, PETER KOEPPE,
PHILLIP MARES, NEW MEXICO
CORRECTIONAL DEPARTMENT,

      Defendants,

**consolidated for all purposes into**:

AYERS, et al.,

      Plaintiffs,

v.                                                        No. CIV 02-1438 BB/WWD[1]

PERRY, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER[2]

THIS MATTER is before the Court on Sandoval's Motion to Consolidate Case No. CIV 02-1438 BB/WWD with the Instant Case [CIV No. 02-170 MV/LFG] [doc. 18],[3] filed December 20,

---

[1] All future pleadings should be filed in the later-filed action, Ayers, et al. v. Lopez, et al., under No. CIV 02-1438 BB/WWD.

[2] This Memorandum Opinion and Order is being entered with the consent and approval of the Honorable Bruce Black and the Honorable Martha Vazquez.

[3] A similar motion to consolidate is pending in the Ayers proposed class action, CIV No. 02-1438 BB/WWD.

2002, and Sandoval's Motion for Leave to File Amended Complaint Adding Other Defendants and Plaintiffs and Class Allegations and Seeking Remedial Orders and Other Relief, filed December 20, 2002. [Doc. 16.] Defendants did not file responsive pleadings[4] to the motions in CIV No. 02-170. However, the motions state that they are opposed by Defendants. The Court requires neither additional briefing,[5] nor oral argument before resolving the motions. Based on the pleadings and pertinent law, along with concerns of judicial economy, the Court concludes that the instant matter, No. CIV 02-170 MV/LFG ("Sandoval litigation") should be consolidated into the later-filed Ayers litigation, under No. CIV 02-1438 BB/WWD. Because the Court grants consolidation for the reasons expressed below, Sandoval's Motion for Leave to Amend is denied as moot.

## Procedural Background

On February 12, 2002, Plaintiff Anthony J. Sandoval ("Sandoval") filed a *pro se* civil rights complaint against Defendants. [Doc. 1.] At the time, Sandoval was incarcerated at New Mexico State Penitentiary in Santa Fe. His *pro se* complaint alleged, *inter alia*, claims of excessive force in violation of his Eighth Amendment rights. On October 30, 2002, Defendants submitted a Martinez Report. [Doc. 13.] On November 19, 2002, Plaintiff signed a pleading in response to the Martinez Report, although part of the pleading appears to have been prepared by Sandoval's brother, who is

---

[4] Defendants were given an initial extension until March 1, 2003, to file responsive pleadings. [Doc. 21.] On March 4, 2003, Defendants filed a second unopposed motion for extension, requesting additional time until April 1, 2003, to file responsive pleadings [doc. 22]. On March 12, 2003, the Court granted the unopposed request. [Doc. 23.] However, the need for any responsive pleadings is now deemed moot by entry of this Order consolidating the two cases into the later filed action. Thus, no further responsive pleadings should be filed with respect to the motions to consolidate or amend.

[5] New Mexico Local Rules provide that the failure to file a response in opposition to a motion "constitutes consent to grant the motion." D.N.M. LR-Civ 7.1(b). However, the rule does not mandate granting the motion where no opposition was filed. In other words, the Court still may deny the motion on the merits. *See* Martinez v. Roth, 53 F.3d 342 (Table, Text in Westlaw), 1995 WL 261127 at *1 (10th Cir. Apr. 26, 1995) (court may examine the merits of a motion to dismiss and grant dismissal even where the opposing party filed no response to the motion to dismiss).

also incarcerated. [Doc. 15.] Sandoval's brother asserted that Sandoval was mentally ill and could not represent himself. Nonetheless, legal arguments were presented in the response, that was signed by Sandoval. [Doc. 15.] Thus, the instant matter was in a posture for the Court to determine whether Sandoval's claims had merit or were subject to dismissal as a matter of law.

Before the Court analyzed the Martinez Report and pleadings, however, the attorneys representing the proposed class plaintiffs in Ayers, (which include Sandoval), filed the present requests to consolidate and for leave to amend. In these pleadings, counsel explained that subsequent to the filing of his *pro se* action, Sandoval retained counsel. On October 21, 2002, counsel filed the proposed class action in Ayers, without realizing that Sandoval had a separate, although related, *pro se* lawsuit pending. Thus, they wish to consolidate the two cases or alternatively, to allow amendment of the Sandoval complaint, to add the class parties and allegations.[6]

Sandoval's attorneys argue that both the Sandoval and Ayers lawsuits "involve constitutional challenges to the conditions of extreme sensory deprivation and social isolation in the SCFs operated by the DOC, particularly as those conditions affect prisoners like Mr. Sandoval, who have mental disabilities." [Doc. 18, p. 2.] Counsel further allege that the operative facts giving rise to Sandoval's claims "are also directly raised in Ayers." [Id.] In support of consolidation, counsel for Sandoval assert that the Ayers litigation "raises the same issues as those raised by Mr. Sandoval in his *pro se* case," "includes allegations regarding the very same violations," and "seeks many of the same remedies." [Doc. 19, p. 2; Doc. 17, p. 2.] In addition, two of the Defendants named in Sandoval are named in Ayers.

---

[6]This Court notes that the United States Magistrate Judge in Sandoval suggested that one option might be for counsel for Plaintiffs to dismiss the *pro se* litigation, without prejudice, while the proposed class action proceeded. However, it appears that counsel for Plaintiffs did not agree to that suggestion.

Sandoval's attorneys specifically request that the class action be consolidated into the first-filed *pro se* litigation, or alternatively, that the Court permit an amended complaint to be filed in Sandoval, that essentially looks like the proposed class complaint filed in Ayers. [Doc. 17, proposed amended complaint.] The Court declines to transfer the Ayers litigation into the Sandoval matter, and instead, elects, in its discretion, to consolidate Sandoval into the later-filed Ayers litigation.

The Court agrees, based on counsel's assertions, that the Ayers litigation includes common questions of law and/or fact, that were alleged in the Sandoval matter, and that it is in the interests of judicial economy and convenience to consolidate the two lawsuits for all purposes. *See* Fed.R.Civ.P. 42(a). However, under these circumstances, where the Ayers litigation is the more substantive lawsuit, more or less subsuming the claims of Sandoval, the Court finds that judicial economy and convenience are best served by consolidating the more discrete *pro se* matter into the larger proposed class action. That also makes practical sense in terms of the request for leave to file a proposed amended complaint in Sandoval that can be denied now as moot, since the class complaint in Ayers already contains allegations relating to Sandoval.

IT IS THEREFORE ORDERED that:

(1) Sandoval's motion to consolidate is GRANTED to the extent that the Sandoval litigation is consolidated into the later-filed Ayers litigation, No. CIV 02-1438 BB/WWD; and

(2) Sandoval's motion for leave to file an amended complaint is DENIED as moot.

*(signature)*
Lorenzo F. Garcia
United States Magistrate Judge